UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK, SR., | No. 2:19-cv-002043 JAM AC PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| WICKSTROM HOSPITALILTY, LLC, | |
| Defendant. | |

Plaintiff is proceeding in this action pro se and has paid the filing fee. ECF No. 1. The action is referred to the undersigned for pretrial proceedings by E.D. Cal. R. ("Local Rule") 302(c)(21). Defendant Wickstrom Hospitality, d/b/a Amber House Inn of Midtown ("Amber House" or "Hotel") moved to dismiss plaintiff's complaint in late 2019. ECF No. 5. The undersigned recommended that the motion be granted, and the complaint be dismissed with leave to amend. ECF No. 12. The recommendations were adopted in full. ECF No. 18. Plaintiff timely filed a First Amended Complaint ("FAC"). ECF No. 19. Defendant moved to dismiss the FAC for lack of subject matter jurisdiction and failure to state a claim. ECF No. 20. The matter was taken under submission. ECF No. 21. For the reasons set forth below, it is recommended that the motion be GRANTED and that the FAC be DISMISSED with leave to amend.

////

////

### I. Allegations of the Complaint

The following facts are drawn from the FAC and are accepted as true only for the purposes of this Motion. Cousins v. Lockyer, 568 F.3d 1063, 1067 (9th Cir. 2009). Plaintiff brings this action pursuant to the (1) Americans with Disabilities U.S.C. § 12101 et seq. and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible Design ("ADA"), (2) California Unruh Civil Rights Act, California Civil Code § 51, 52 ("Unruh") (3) the California Disabled Persons Act ("DPA") and (4) the common law of negligence per se. ECF No. 19.[1]

Plaintiff is and, at all times relevant has been, legally disabled by virtue of (a) prostate cancer, (2) renal cancer, (3) severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, (4) missing part of a limb (prosthetic right knee), physical impairment in arms and shoulders and (6) pleurisy. Id. Plaintiff's FAC contains a chart featuring each alleged impairment and its relative limitations on major life activities, including walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, running, climbing, knee twisting, reaching, writing, twisting the wrist, opening doors, pushing, grasping, and "physically functioning on any level," amongst others. Id. at 4-6. Plaintiff's impairments, in their "unmitigated, active state" require the use of a wheelchair. Id. at 6.

Defendant owns and operates the Hotel, located at 1315 22nd Street, Sacramento, CA 95816. Id. at 1. Plaintiff visited Amber House on or about June 11, 2019. Id. at 3. Plaintiff identifies barriers encountered, including an inaccessible route with no signage to an accessible route, lack of accessible parking, an inaccessible threshold step, an inaccessible entry with no signage to an accessible route, improperly configured handrails, an inaccessible entry, and additional lack of accessible parking. Id. at 11-17. Plaintiff is deterred from visiting Amber House based on his knowledge that it is not ADA and Unruh compliant as such compliance

---

[1] Other judges of this District have recognized that plaintiff Peter Strojnik has filed thousands of disability discrimination cases against hotel defendants in state and federal courts; this is one of those many cases. See Strojnik v. Bakersfield Convention Hotel I, LLC, No. 1:19-cv-01098-LJO-JLT, 2020 WL 509156, at *1 (E.D. Cal. Jan. 31, 2020). However, plaintiff's undeniable status as a serial litigator is not, and cannot be, a factor in the decision on the viability of his complaint. Antoninetti v. Chipotle Mexican Grill, Inc., 643 F.3d 1165, 1175 (9th Cir. 2010).

relates to his disability.  Id. at 2.  Plaintiff intends to visit Amber House "at a specific time when it becomes fully compliant with ADAAG."  Id.  Plaintiff alleges his current intent is to return sometime in September of 2020 to test the Hotel's compliance with the ADA.  Id. at 2.  Plaintiff seeks both damages and injunctive relief. 18-21.

## II.  Legal Standards

Defendant brings both a jurisdictional challenge and challenges regarding plaintiff's failure to state a claim.[2]  The court first addresses the jurisdictional issue under Rule 12(b)(1), as jurisdiction is a threshold matter.

A. Legal Standard for a Rule 12(b)(1) Motion

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action.  "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact."  Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made.  See Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir.

---

[2] Defendant's 12(b)(6) motion asks the court to consider a plethora of evidence not subject to judicial notice, including several YouTube videos (ECF No. 20-1 at 16-19), that would, if considered, require the court to convert the motion to dismiss to a motion for summary judgment. Fed. R. Civ. P. 12(d).  The case defendant cites for the proposition that the videos would be judicially noticeable is not applicable; in the case relied on, the videos were referenced in the complaint.  City of Inglewood v. Teixeira, No. CV-15-01815-MWF (MRWx), 2015 WL 5025839, at *2 (C.D. Cal. Aug. 20, 2015).  The court need not reach the issues presented under Rules 12(b)(6) and 12(d) at this juncture, because the jurisdictional issue requires dismissal with further leave to amend, but cautions the parties that if a future motion to dismiss presents such evidence, the motion will be converted to a motion for summary judgment pursuant to the Federal Rules.

3

1990). The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557) (alteration in original).

    B.  Standing to Bring Suit Under the Americans with Disabilities Act (ADA)

The Article III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring that plaintiffs have standing. Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). The "irreducible constitutional minimum" of standing consists of three elements: (1) an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. Id. To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized, and actual or imminent rather than conjectural or hypothetical. Id. at 1548. "A 'particularized' injury is one that 'affect[s] the plaintiff in a personal and individual way.'" Safer Chemicals, Healthy Families v. U.S. Envtl. Prot. Agency, 943 F.3d 397, 411 (9th Cir. 2019).

"A plaintiff must demonstrate constitutional standing separately for each form of relief requested." Davidson v. Kimberly-Clark Corp., 889 F.3d 956, 967 (9th Cir. 2018) (citation omitted). To establish standing to pursue injunctive relief, an ADA plaintiff must demonstrate a "real and immediate threat of repeated injury" in the future. Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011). With respect to likelihood of future repeated injury, plaintiff can establish that "he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier." Id. at 950. Alternatively,

he can show that the "discriminatory architectural barriers deter him from returning to a noncompliant accommodation," but that he would return if the barriers were removed. Id.

### III. Discussion

Defendant asserts that the FAC did not cure the defects in the initial complaint, and that plaintiff "lacks standing to sue under the Americans with Disabilities Act (ADA) as the First Amended Complaint is still devoid of anything but the most cursory legal conclusions that fail to establish (1) the scope of Plaintiff's alleged disability, (2) how any of the alleged 'barriers' that Plaintiff supposedly found at the Hotel are barriers to *him*, and (3) that Plaintiff has any *bona fide* intent to return to the Hotel or (4) is deterred." ECF No. 20-1 at 8-9. The court agrees only with the second assertion.

#### A. Plaintiff Has Not Adequately Alleged an Injury in Fact

In the ADA context, a plaintiff "lacks standing ... if the barriers he seeks to enjoin do not pose a real and immediate threat to him due to his particular disability." Chapman, 631 F.3d at 953. In essence, this is the disability access version of the "particularized injury" standard, which requires plaintiff to demonstrate that he has been affected in a personal and individual way by the matter he seeks to litigate. See Safer Chemicals, 943 F.3d at 411. Here, the allegations of the complaint do not make the required showing.

In an effort to bring is FAC into compliance with standing requirements, plaintiff includes a chart listing his various ailments and the major life activities they impact, which include everything from "sleeping" to "physically functioning on any level." ECF No. 19 at 5-6. Plaintiff then lists various "physical and architectural barriers" which the Hotel failed to disclose on its website, and which require remediation. Id. at 7-9. However, rather than identifying how his disabilities specifically relate to these barriers individually, he recites as to each that it "causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming, or otherwise encountering such a barrier and deprive[s] him of full and equal enjoyment of the Hotel." Id. Plaintiff also provides photographs of allegedly noncompliant aspects of the Hotel, stating generally in each caption that "Overcoming the above documented barrier caused Plaintiff to experience uncommon stress, strain, pain or discomfort when using, negotiating, overcoming or

5

1   otherwise encountering this barrier." Id. at 11-17.

2   The FAC does not explain how any particular barrier interfered with the plaintiff's "full
3   and equal enjoyment" of the Hotel "on account of his particular disability." Chapman, 631 F.3d
4   at 947. Plaintiff cannot establish standing by coupling a host of allegations that he suffers from
5   every possible limitation with the broad conclusory allegation that all barriers generally impact
6   his use and enjoyment. Rather, plaintiff must plead specific facts that demonstrate he
7   experienced a concrete and particularized injury. The FAC's "cut and paste" allegations as to
8   each individual barrier are inadequate. This inadequacy is not cured—but indeed is
9   exacerbated—by plaintiff's reliance on general allegations that he is globally impaired in every
10  sleeping and waking moment, and that his collective impairments are generally impacted by all of
11  the Hotel's noncompliant features. As plaintiff has previously been informed, to proceed he must
12  specifically tie an impairment to a noncompliant feature, and must allege the manner in which the
13  particular noncompliance interacted with plaintiff's particular disability.

14  To give a common example, an ADA plaintiff establishes standing when she alleges that
15  she uses a wheelchair for mobility due to her disability, and a particular entrance is not wide
16  enough to accommodate her wheelchair. Here, plaintiff alleges that he must use a wheelchair
17  when his multiple impairments are "in their unmitigated, active state," ECF No. 19 at 6,[3] and he
18  includes photographs of steps and staircases that quite obviously could not be navigated by a
19  wheelchair. However, plaintiff does *not* allege as to any of these steps or staircases—or anything
20  else about the property—that his wheelchair or other mobility assistance device is blocked.[4] As
21  to each alleged non-compliant feature, of every type, plaintiff makes the same generic assertion of
22  pain and discomfort. He does not, however, allege any facts as to any feature that would explain
23  *how* they cause him pain or discomfort that relates to his impairments.

24  Similarly, the descriptions of the Hotel's noncompliant features remain wholly
25  conclusory. The FAC does not contain any facts explaining how any of the photographed

---

[3] The court has no way of knowing how frequently or for what purposes plaintiff uses a wheelchair, because the FAC does not contain this information.
[4] The court focuses on this issue by way of example only, and does not suggest that plaintiff must allege reliance on mobility aids or assistive devices.

6

features are improper or inaccessible, let alone how the Hotel's non-compliance "pose[d] a real and immediate threat to [plaintiff] due to his particular disability." Chapman, 631 F.3d at 953. The photographs do nothing to cure the complaint's lack of essential jurisdictional facts.[5] To plead standing sufficiently, a plaintiff must allege "more than labels and conclusions." Twombly, 550 U.S. at 555. A plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation." Spokeo, 136 S. Ct. at 1550. Plaintiff's conclusory allegations of ADA violations are thus insufficient. See, e.g., Chapman, 631 F.3d at 954 ("The Accessibility Survey simply identifies alleged ADA and CBC violations without connecting the alleged violations to [plaintiff] Chapman's disability, or indicating whether or not he encountered any one of them in such a way as to impair his full and equal enjoyment of the Store.").[6]

Plaintiff need adequately plead only one barrier to establish standing, because "[a]n ADA plaintiff who has Article III standing as a result of at least one barrier at a place of public accommodation may, in one suit, permissibly challenge all barriers in that public accommodation that are related to his or her specific disability." Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1047 (9th Cir. 2008). Plaintiff has failed to do even this. Accordingly, he has not met his burden of pleading an injury in fact and he therefore lacks standing.

### B. Other Issues

As to defendant's other standing challenges, the court finds plaintiff's FAC adequate. Plaintiff alleges the scope of his various disabilities in the form of a chart comprehensively listing each ailment and its associated limitations on plaintiff's major life activities. ECF No. 19 at 4-6.

---

[5] Other courts have held that plaintiff's use of photographs with conclusory captions is insufficient to allege facts essential to his claims and to the courts' jurisdiction. See, e.g., Strojnik v. Four Sisters Inns, Inc., 2019 WL 6700939, at *3 (C.D. Cal. Dec. 9, 2019) ("Four Sisters") (holding that Strojnik's photographs and captions are bare legal conclusions insufficient to show how there are purported barriers to accessibility); Strojnik v. Hotel Circle GL Holdings, LLC, 2019 WL 6212084, at *3 (E.D. Cal. Nov. 21, 2019) ("Hotel Circle") (same); Strojnik v. 1315 Orange LLC, 2019 WL 5535766, at *2 (S.D. Cal. Oct. 25, 2019) (same).

[6] See also Four Sisters, 2019 WL 6700939, at *3 (holding that the facts alleged by Strojnik fail to "explain how the purported barriers violate the ADA, relate to his particular disability, or interfere with his use or enjoyment of the Hotel"); Hotel Circle, 2019 WL 6212084, at *3 (same); Rutherford v. Cesar's Mexican Rest., LLC, 2019 WL 4193392, at *2 (S.D. Cal. Sept. 3, 2019) (same); Strojnik v. Orangewood LLC, 2019 U.S. Dist. LEXIS 213103, at *7-8 (C.D. Cal. Aug. 8, 2019) (same).

1   Rather than merely alleging a non-specific intent to return, as in the original complaint, he
2   provides an approximate date for an intended return visit: September of 2020. Id. at 2. The
3   allegation of a specific planned trip cures the previously conclusory nature of the allegation.
4   Finally, he pleads he is deterred from visiting the Hotel due to its lack of compliance with the
5   ADA. Id. Thus, the sole standing defect that has not been cured in the FAC is the absence of a
6   link between plaintiff's alleged disabilities and specific instances of ADA noncompliance found
7   at the Hotel. To the extent that defendant is challenging the truthfulness of plaintiff's allegations
8   regarding a specific plan to return, or regarding other matters, the court will not entertain that
9   issue at the pleading stage.

   C.   Supplemental Jurisdiction over State Claims

11       A district court may decline to exercise supplemental jurisdiction if it dismisses all claims
12   over which it has original jurisdiction. Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th
13   Cir. 2010) (quoting 28 U.S.C. § 1367(c)(3)). Because plaintiff's lack of standing defeats federal
14   subject matter jurisdiction over his ADA claim, the court need not entertain any of the other
15   claims that plaintiff raises. If plaintiff fails to cure the pleading defect and establish his standing
16   on the ADA claim, this court should decline to exercise supplemental jurisdiction over the Unruh
17   Act and negligence claims.

   C.   Plaintiff Should Be Granted a Final Opportunity to Amend

19       "[L]eave to amend should be granted if it appears at all possible that the plaintiff can
20   correct the defect." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1108 (9th Cir. 2003)
21   (internal quotation marks and citations omitted). Further, a pro se litigant is entitled to notice of
22   the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies
23   could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987),
24   *superseded on other grounds by statute as stated in* Lopez v. Smith, 203 F.3d 1122 (9th
25   Cir.2000)) (en banc). The pleading deficiency discussed above is readily curable. Thus, plaintiff
26   should be granted an additional opportunity to amend. The court notes, however, that this will be
27   plaintiff's second opportunity to amend. Should this second attempt prove futile, the undersigned
28   will be disinclined to recommend any further leave to amend.

8

IV. Conclusion

For the reasons explained above, this court lacks jurisdiction over plaintiff's complaint. Accordingly, the undersigned RECOMMENDS that defendant's motion to dismiss (ECF No. 20) be GRANTED and that this case be DISMISSED with leave to amend. Plaintiff may file a Second Amended Complaint within twenty-one (21) days of the District Judge's order on these recommendations. Any amended complaint filed before the District Judge issues a final order will be deemed premature and will be stricken.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: July 7, 2020

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE